NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADP, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> WISE PAYMENTS LIMITED; and WISE US INC., <br><br> **Defendants.** | Civil Action No. 21-12457 (JXN) (JSA) <br><br> **OPINION** |

**ALLEN, U.S.M.J.**

This matter comes before the Court by way of Defendants Wise Payments Limited and Wise US Inc.'s (collectively, "Wise")[1] Motion to Stay this action pending the outcome of suspended proceedings before the United States Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB"). (ECF No. 44). Plaintiff ADP, Inc. ("ADP") opposes the motion. No oral argument was heard. Fed. R. Civ. P. 78(b). Having carefully considered the parties' respective submissions, for good cause shown, and for the reasons set forth herein, Wise's Motion to Stay is **DENIED**.

I. **RELEVANT BACKGROUND**

  A. **Instant Civil Action**

On June 11, 2021, Plaintiff filed this trademark infringement and unfair competition action, asserting violations of sections 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114, 1125(a)), the New Jersey Unfair Competition Act (N.J. Stat. Ann. §§ 56:4-1 *et seq.*), and New Jersey unfair

---

[1] After commencing this lawsuit, ADP discovered that Defendants changed their corporate names from "Transferwise Ltd." to "Wise Payments Limited" and "Transferwise Inc." to "Wise US Inc." (ECF No. 10). To reflect Defendants' proper corporate names, ADP filed an Amended Complaint. (*See* ECF Nos. 10-11). For ease of reference, throughout this Opinion, the Court will collectively refer to Defendants as Wise.

competition common law. (*See* Compl. & Am. Compl., ECF Nos. 1 & 11 at ¶ 10).  ADP claims to have rights in what it describes as the well-known WISELY and WISELY-based trademarks and service marks (collectively, "WISELY Marks"), which it uses "in connection with alternative banking solutions that enable employers to directly deposit payroll, and workers to access their pay from multiple sources using general purpose reloadable debit cards [] and a mobile application." *Id.* ¶¶ 1-3.  ADP continues that—with actual knowledge of ADP's trademark rights—Wise: (i) rebranded from TRANSFERWISE to WISE; (ii) expanded their featured goods and services under the new WISE brand; and (iii) began using "confusingly similar" WISE and WISE-based trademarks and service marks (collectively, "WISE Marks") "to designate a broad range of banking and financial services that directly overlap with ADP's services."  *Id.* ¶¶ 1-2, 8.  ADP further submits that Wise improperly intended to unfairly compete with ADP's WISELY products and services, confuse and deceive consumers, and interfere with the WISELY Marks' goodwill. *Id.* ¶¶ 1-2.  ADP, as a result, seeks damages and injunctive relief, including the cancellation of WISE Marks. *Id.* ¶ 10.

On September 24, 2021, Wise moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 33).  That motion is currently pending.  The Court has not yet entered an initial scheduling order, and thus, discovery has not begun.

   **B.**  **Subject TTAB Proceedings**

Before the instant lawsuit commenced, the parties were engaged in proceedings before the TTAB regarding several of Wise's trademark applications and registrations. (*See generally* ECF Nos. 44-2 & 45).  Beginning on June 1, 2020, ADP filed petitions for cancellation of two of Wise's registrations (Nos. 3,202,887 and 3,202,888) on the basis that the WISE Marks had been abandoned

and maintained through fraud. (*See* Florentino Decl.,[2] ECF No. 44-3, Exhs. 1-2 (ECF No. 44-4 to 44-5); Finkelstein Decl.,[3] ECF No. 45-1, ¶ 6).[4]

Thereafter, ADP continued to initiate proceedings to either cancel other registered WISE Marks or to oppose Wise's applications to register WISE Marks (collectively, "Subject TTAB Proceedings"). (*See* Finkelstein Decl., ¶¶ 13-14 & 16-18).[5] In those proceedings, among other things, ADP has argued that the WISE Marks should be cancelled, or not registered, by the TTAB because: (i) ADP's rights are senior to those of Wise; and (ii) the WISE Marks, when applied to the goods or services listed in the registrations or applications, are likely to cause confusion with respect to the WISELY Marks. (*See* Florentino Decl., Exhs. 3-7 (ECF No. 44-6 to 44-10); *see also* ECF No. 44-2 at 5-8).

ADP filed Opposition No. 1 on April 14, 2021 and Opposition No. 2 on May 19, 2021. (Finkelstein Decl. ¶¶ 13-14). On June 11, 2021, the date on which ADP initiated this lawsuit, ADP also filed Cancellation No. 1. (*Id.* ¶ 16). Four days later, on June 15, 2021, ADP moved to suspend Cancellation No. 1 and Opposition Nos. 1 and 2 pending the resolution of this action, arguing that the claims in the Subject TTAB Proceedings and this action overlap, the suspension would not harm Wise, and the suspension would avoid duplicative litigation. (*See id.* ¶ 20 & Exhs. F1, F2 & F4).[6] Wise opposed ADP's motions to suspend those proceedings on June 28, 2021, arguing that ADP's

---

[2] The "Florentino Decl." refers to the "Declaration of Patrick A. Florentino in Support of Defendants' Motion to Stay" dated January 14, 2022. (*See* ECF No. 44-3).

[3] The "Finkelstein Decl." refers to the "Declaration of Sharoni S. Finkelstein in Support of Plaintiff's Opposition to Defendants' Motion to Stay" dated January 28, 2022. (*See* ECF No. 45-1).

[4] Ultimately, the TTAB dismissed the fraud claim with prejudice on March 22, 2021, and ADP withdrew the proceedings without prejudice on April 11, 2021. (*See* Finkelstein Decl., Exhs. D-E).

[5] The Subject TTAB Proceedings consist of the following proceedings: (i) *ADP, Inc. v. Wise Payments Ltd.*, Opposition No. 91268730 (TTAB Apr. 14, 2021) ("Opposition No. 1"); (ii) *ADP, Inc. v. Wise Payments Ltd.*, Opposition No. 91269418 (TTAB May 19, 2021) ("Opposition No. 2"); (iii) *ADP, Inc. v. Wise Payments Ltd.*, Cancellation No. 92077350 (TTAB June 11, 2021) ("Cancellation No. 1"); (iv) *ADP, Inc. v. Wise Payments Ltd.*, Opposition No. 91271453 (TTAB Sept. 2, 2021) ("Opposition No. 3"); and (v) *ADP, Inc. v. Wise Payments Ltd.*, Cancellation No. 92077983 (TTAB Sept. 2, 2021) ("Cancellation No. 2"). (*See* Finkelstein Decl. ¶¶ 13-14 & 16-18).

[6] The exhibits to the Finkelstein Decl. are found in Docket Entry No. 45-2.

suspension applications lacked good cause and that suspension would prejudice Wise by forcing it to incur unnecessary fees and costs. (*Id.* ¶ 21 & Exhs. G1-G3).

On September 2, 2021, ADP filed Cancellation No. 2 and Opposition No. 3.[7] (*Id.* ¶¶ 17-18). On September 14, 2021, ADP also moved to suspend these additional TTAB proceedings pending resolution of this action. (*Id.* ¶¶ 23 & Exhs. F3 & F5). ADP relied on the same arguments as those advanced in support of its motions to suspend the earlier proceedings and noted that the TTAB had already suspended those earlier proceedings. (*See id.*, Exhs. F3 & F5).

Indeed, the TTAB suspended the Subject TTAB Proceedings pending final determination[8] of this civil action as follows: (i) Opposition No. 2 on September 2, 2021; (ii) Cancellation No. 1 on September 3, 2021; (iii) Opposition No. 3 on September 14, 2021; (iii) Cancellation No. 2 on October 18, 2021; and (iv) Opposition No. 1 on December 29, 2021 (collectively, "Suspension Orders"). (*See id.*, Exh. H). In reaching its suspension decision, the TTAB highlighted its policy "to suspend proceedings when the parties are involved in a civil action, which may be dispositive of or have a bearing on the Board case." (*See, e.g., id.*, Exh. H1 at 2 (citing Trademark Rule 2.117(a); *New Orleans La. Saints LLC v. Who Dat? Inc.*, 99 USPQ2d 1550, 1552 (TTAB 2011))). The TTAB concluded that "[a] decision by the District Court on the infringement claim will not only have a bearing on [ADP's] likelihood of confusion claim, but may also be dispositive of the [] proceeding[s]." (*Id.* at 3). The TTAB noted that the proceedings "ha[d] not been ongoing for a significant period of time and ha[ve] not even reached the discovery stage." *Id.* at 3. Finally, the TTAB found that continuing the proceedings and issuing decisions on ADP's cancellation and

---

[7] Cancellation No. 2 sought the cancellation of a WISE Mark that was registered on August 17, 2021, based on Wise's application published on November 10, 2020. (*See* Finkelstein Decl., Exh. B4). Opposition No. 3 relates to three applications published on August 31, 2021 for the registration of WISE Marks. (*See id.,* Exh. B5-B6).

[8] According to the TTAB, "[a] proceeding is considered to have been finally determined when an order or ruling that ends litigation has been rendered, and no appeal has been filed, or all appeals filed have been decided and the time for any further review has expired." (Finkelstein Decl., Exh. H1 at 4 n.4 (citing TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") § 510.02(b))).

opposition petitions—which may be reviewed *de novo* by way of a second federal action wherein the parties could "submit new evidence and [] raise additional claims"—"would be a waste of the Board's and District Court's time and judicial resources." *Id.* at 3-4 (citing Trademark Act § 21(b); *Swatch AG v. Beehive Wholesale, LLC*, 739 F.3d 150, 109 USPQ2d 1291, 1295 (4th Cir. 2014); *CAE Inc. v. Clean Air Eng. Inc.*, 267 F.3d 660, 60 USPQ2d 1449, 1458 (7th Cir. 2001)).

Thereafter, the instant motion to stay ensued.[9]

## II. MOTION TO STAY

In support of its request for a stay, Wise argues that a balancing of interests weighs in favor of a stay. (ECF No. 44-2 at 10). First, a stay would promote judicial economy because this case is at an early stage and the TTAB could potentially resolve substantially, if not all of, the issues before this Court." (*Id.*). Second, a stay would not prejudice ADP because ADP initially chose to litigate the claims asserted in this action before the TTAB. (*Id.*). And third, without a stay, Wise would suffer hardship and inequity because it has already expended significant resources defending the TTAB proceedings and now would be compelled to expend additional resources defending this civil action. (*Id.* at 10-11). ADP opposes on the basis that the imposition of a stay would be the antithesis of judicial economy. (*See* ECF No. 45 at 8-9). ADP continues that a stay will result in unfair prejudice for ADP since, unlike the TTAB, this Court has the authority to resolve all contested issues as well as accord full relief, including damages and injunctive relief. (*See id.*).

## III. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). It "calls for the exercise of

---

[9] Wise filed a letter on November 18, 2022, requesting leave to file a motion to stay the action pending resolution of the Subject TTAB Proceedings. (*See* ECF No. 39). ADP opposed the request. (*See* ECF No. 41). The Court granted Wise leave on December 22, 2021. (ECF No. 43).

judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. The requesting party bears the heavy burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* at 255.

Accordingly, in assessing whether a stay of proceedings is warranted, courts weigh a number of factors, including: "(1) judicial efficiency as measured by the stage of the civil litigation and the stay's potential to simplify the issues; (2) harm or unfair prejudice to the non-moving party that will result from the grant of a stay; and (3) the hardship and inequity to the moving party if the stay is denied." *Shaf Int'l, Inc. v. Ultimate Leather Apparel, Inc.*, Civ. No. 20-2569, 2021 U.S. Dist. LEXIS 22139, at *5 (D.N.J. Feb. 4, 2021) (quoting *Tigercat Int'l v. Caterpillar Inc.*, Civ. No. 16-1047, 2018 U.S. Dist. LEXIS 74191, at *6 (D. Del. May 2, 2018)). "Additional considerations also 'arise depending upon the circumstances . . . .'" *Iowa Network Servs. v. AT&T Corp.*, Civ. No. 14-3439, 2019 U.S. Dist. LEXIS 170792, at *20 (D.N.J. Oct. 1, 2019) (quoting *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014)). The Court finds that, on balance, the relevant factors and competing interests weigh against issuing a stay of this lawsuit.

## IV. DISCUSSION

### A. Promoting Judicial Efficiency And Simplifying Issues

As to the first factor, Wise has failed to meet its burden of showing that the stay will promote judicial economy. *Landis*, 299 U.S. at 255; *Shaf Int'l, Inc.*, 2021 U.S. Dist. LEXIS 22139, at *5. While this civil action is in its early stages, Wise has not produced any specific proof that the now suspended Subject TTAB Proceedings will necessarily advance more expeditiously than proceedings before this Court. *See PBTM LLC v. Football Nw., LLC*, Civ. No. 19-2081, 2022 U.S. Dist. LEXIS 109544, at *7 (W.D. Wash. June 21, 2022) (considering lack of evidence submitted by the moving party as to the pace of TTAB proceedings); *CFA Inst. v. Am. Soc'y of Pension Prof'ls*

*& Actuaries*, Civ. No. 19-00012, 2019 U.S. Dist. LEXIS 75122, at *8 (W.D. Va. May 3, 2019) (same); *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court.").

While some of the Subject TTAB Proceedings have been pending longer than the instant civil action, they have not advanced procedurally. There is no dispute that, prior to the TTAB's Suspension Orders, "the parties ha[d] not conducted discovery conferences, exchanged initial disclosures, or served any discovery requests." (Finkelstein Decl. ¶ 34). There also is no indication that a trial date had been set in the TTAB Proceedings.

Surprisingly, Wise takes the position that "the stage of the TTAB proceedings is irrelevant." (ECF No. 46 at 2). In support of its position, Wise relies on several cases where courts within this Circuit granted motions to stay the civil action pending the outcome of the TTAB proceedings. However, this Court's review of these cases confirms that the advanced stage of discovery and readiness for dispositive motion practice in those TTAB proceedings played a critical role in the courts' respective decisions to grant the motions for a stay. *See Aero AG Holdings, LLC v. Summit Footwear Co.*, Civ. No. 20-16655, 2021 U.S. Dist. LEXIS 173131, at *2-4 (D.N.J. Sep. 13, 2021) (TTAB proceeding was pending for over six years prior to commencement of the action, during which time discovery proceeded at length); *Shaf Int'l, Inc. v. Ultimate Leather Apparel, Inc.*, Civ. No. 20-2569, 2020 U.S. Dist. LEXIS 228972, at *2-5 (D.N.J. Dec. 7, 2020) (TTAB proceeding was pending for nearly a year before the filing of the action, during which time discovery was completed and the case was "ripe for dispositive motion practice" before the TTAB); *Tigercat Int'l*, 2018 U.S. Dist. LEXIS 74191, at *3 ("extensive" and "long-lasting" TTAB proceeding, where for "[o]ver the course of three years the parties [] engaged in discovery proceedings [and disputes]" (citation and quotation marks omitted)).

In short, this Court finds that the stage of the TTAB proceedings is a relevant consideration when deciding whether to grant a motion to stay. *See CFA Inst.*, 2019 U.S. Dist. LEXIS 75122, at *9 (denying motion to stay in favor of a TTAB proceeding that "ha[d] been pending for over one year and the parties have not exchanged any discovery, nor set a date for trial"); *SafeRack, LLC v. Bullard Co.*, Civ. No. 17-1613, 2018 U.S. Dist. LEXIS 131077, at *2-3 (D.S.C. Aug. 3, 2018) (denying motion to stay in favor of a TTAB proceeding where discovery had just commenced). Given the early stage of the Subject TTAB Proceedings, and the absence of proof that they will advance more quickly than this civil action, the Court finds that Wise has not demonstrated that a stay will promote judicial efficiency.

The Court further finds that staying the action would not clearly simplify or resolve the issues relevant to ADP's federal and state trademark infringement, false designation of origin, and unfair competition claims. Even if this Court were to stay the action, and the TTAB were to reconsider its Suspension Orders and issue decisions on ADP's cancellation and opposition petitions, those decisions are subject to potential further review before the United States Court of Appeals for the Federal Circuit or a second federal district court. *See B&B Hardware, Inc. v. Hargis Indus.*, 575 U.S. 138, 144 (2015) (quoting 15 U.S.C. § 1071). There could potentially be a second district court action wherein "the parties can conduct additional discovery and the judge resolves registration *de novo*." *Id.* (citations omitted). Indeed, the TTAB issued its Suspension Orders, in part, for this very same reason, stating that continuing the proceedings "would be a waste of the Board's and District Court's time and judicial resources." (*See* Finkelstein Decl., Exh. H1 at 3-4). *See also PBTM LLC*, 2022 U.S. Dist. LEXIS 109544, at *9 ("Thus, a stay in favor of the TTAB proceeding is unlikely to simplify the issues that will eventually be before the Court in any case."). The Court agrees.

As any decision by the TTAB on ADP's cancellation and opposition petitions is subject to challenge in another federal action pursuant to 15 U.S.C. § 1071, the Court finds that the first factor weighs against issuing a stay. Moving forward with scheduling an Initial Scheduling Conference, pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.1, while Wise's motion to dismiss is pending, will promote judicial efficiency in these circumstances.

### B.     Harm or Unfair Prejudice to ADP

Wise also has failed to show that the requested stay will not harm or unfairly prejudice ADP. *Landis*, 299 U.S. at 255; *Shaf Int'l, Inc.*, 2021 U.S. Dist. LEXIS 22139, at *5. Given the suspension of the Subject TTAB Proceedings in their early stage, the Court finds that ADP will be unfairly prejudiced if it is forced to wait for those proceedings to resume and fully decided on the merits before ADP may litigate their infringement and related claims before this Court. *See SafeRack, LLC*, 2018 U.S. Dist. LEXIS 131077, at *6 ("SafeRack would therefore suffer significant prejudice if they are forced to wait at least 18 months, if not longer, to proceed with their claims before this Court."). "Infringement claims involve some urgency, as [o]ngoing business conduct is likely to be involved and harm, possibly irreparable, may be accruing.'" *Shire City Herbals, Inc. v. Blue*, Civ. No. 15-30069, 2015 U.S. Dist. LEXIS 122678, at *10 (D. Mass. Sep. 15, 2015) (citations and quotation marks omitted). Accordingly, the Court finds that the second factor weighs against the imposition of a stay.

### C.     Hardship or Inequity to Wise

Since the Court has found that ADP will be prejudiced if a stay is issued, Wise must "make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. The Court finds that Wise has not satisfied its burden.

Wise primarily contends—without submitting evidence—that it "has already spent considerable sums defending" several proceedings before the Board, and that it "should not be

9

forced to expend additional sums defending district-court proceedings that are even costlier." (ECF No. 44-2 [citing *Onyx Enters. Int'l Corp. v. Volkswagen Grp. of Am., Inc.*, Civ. No. 20-cv-09976, 2021 U.S. Dist. LEXIS 69727, at *11 (D.N.J. Apr. 9, 2021)]).[10]  Even without the submission of evidence, the Court finds that this factor alone does not warrant issuing the stay, especially given that "the parties spent virtually no time before the TTAB and this Court [undisputedly] has jurisdiction over all aspects of [ADP's] . . . claims."  *See PBTM LLC*, 2022 U.S. Dist. LEXIS 109544, at *8 ("Nor do they explain how they will be adversely impacted by having to litigate in this Court rather than before the TTAB."); *CFA Inst.*, 2019 U.S. Dist. LEXIS 75122, at *12 ("[B]ecause the TTAB proceeding is still in a very early stage, [movant] has not yet had to invest significant time and resources in its defense of [the] Notice of Opposition.").  In any event, since the Subject TTAB Proceedings have now been suspended, Wise need not expend additional resources, defending itself in that proceeding, at this time.

Finally, the Court finds equally unconvincing Wise's contention that it will suffer hardship if forced to defend this litigation because ADP chose to initiate opposition proceedings before commencing the action and then continued to file them along with cancellation proceedings. (ECF No. 44-2 at 17-18).  It is not uncommon for parties to do so, as "a petition to the [TTAB] is the primary means of securing a cancellation."  *Beasley v. Howard*, 14 F.4th 226, 235 (3d Cir. 2021). Equally important, the first of the Subject TTAB Proceedings was commenced only a few months before the start of this litigation, and, subsequently, ADP promptly moved to suspend them before discovery commenced.[11]  Accordingly, the Court finds that hardship to Wise, if any, will be negligible, and thus a stay is not warranted based on this final factor.

---

[10] Notwithstanding Wise's contentions, *Onyx Enters. Int'l Corp.* is inapposite.  That case involved a motion to stay litigation before this Court in favor of another, more advanced civil action that was pending in another district court, not before the TTAB.

[11] Wise further argues that it will be prejudiced because ADP's claims are meritless. (ECF No. 44-2 at 18).  The Court finds that the merits of a claim is not an appropriate consideration on a motion for a stay, and thus declines to address this contention.

On balance, in weighing the applicable factors, the Court finds that Wise has not met its heavy burden of demonstrating a clear case of hardship or inequity if it is required to go forward with the instant suit at this time. Accordingly, the Court finds that a stay of this civil action is not warranted.

### V.     CONCLUSION

For all of the foregoing reasons, and for good cause shown, Wise's Motion to Stay, (ECF No. 44), is **DENIED**. An appropriate form of order will be entered.

*s/ Jessica S. Allen*
**HON. JESSICA S. ALLEN**
**United States Magistrate Judge**

Dated: July 19, 2022


cc:  Hon. Julien Xavier Neals, U.S.D.J.