# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADP, INC., <br><br> Plaintiff, <br><br> v. <br><br> WISE PAYMENTS LIMITED; and <br> WISE US INC., <br><br> Defendants. | Civil Action No.: 2:21-cv-12457 <br> (JXN-JSA) <br><br> **ORDER** *Filed Electronically* |

**THIS MATTER** having been opened to the Court by the application of Plaintiff ADP, Inc. ("ADP"), by and through its undersigned counsel, in connection with the Motion to Seal, pursuant to Local Civil Rule 5.3(c) certain portions of the Transcript of the August 22, 2023 hearing before the Honorable Jessica S. Allen, U.S.M.J. (D.E. 83); and the Court having considered the papers submitted by ADP in support of the Motion; and the Court having considered and adopted the Declaration of Liza M. Walsh, counsel for ADP; and Proposed Findings of Fact and Conclusions of Law; and the Court having further found that the standards of Local Civil Rule 5.3(c) have been met and support the sealing of the confidential documents and information; and for other and good cause having been shown, the Court hereby finds:

## FINDINGS OF FACT

A. Pursuant to the Local Civil Rule 5.3(c), ADP moves to seal portions of the Transcript of the August 22, 2023 hearing before the Honorable Jessica S. Allen, U.S.M.J. (D.E. 83) relating to settlement discussion information designated by ADP as "Confidential."

B. The select portions of the transcript which ADP wishes to seal have been identified in the Index concurrently submitted in support of this motion and are collectively referred to herein as the "Confidential Information."

A. The Confidential Information discloses settlement discussion information that have been designated by ADP as "Confidential" pursuant to Federal Rule of Evidence 408.

B. The legitimate private or public interests which warrant confidentiality are: ADP has a legitimate interest in maintaining the confidentiality of its commercial strategies. The clearly defined and serious injury that would result if the Confidential Information is disclosed is: ADP has a legitimate interest in maintaining the confidentiality of its confidential settlement communications and negotiations. The clearly defined and serious injury that would result if the Confidential Information is disclosed is: ADP would be seriously injured as information which was not intended to be seen by competitors would be available for review and potential use against ADP. There is no less restrictive alternative to the sealing of the Confidential Information.

C. ADP has complied with the Local Civil Rule 5.3(c) by moving to seal the Confidential Information.

## CONCLUSIONS OF LAW

A. The Court, having considered this matter pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 5.3, and ADP's submissions in support of the Motion, finds that ADP has satisfied its burden of proving under Local Civil Rule 5.3 and applicable case law, that the Confidential Information is highly confidential or confidential and entitled to protection. There exists in civil cases a common-law public right of access to judicial

proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "commercial information," upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981). This Court has permitted the sealing of confidential settlement information, including confidential settlement communications and negotiations. *See, e.g.*, *Horizon Pharma, Inc. v. Lupin Ltd.*, No. 11-2317, 2017 WL 5068547, at *1 (D.N.J. Mar. 8, 2017) (permitting sealing of confidential settlement information pursuant to F.R.E. 408); *Morgan v. Wal-Mart Stores, Inc.*, No. 14-4388, 2015 WL 3882748, at *2 (D.N.J. June 23, 2015) (granting motion to seal confidential settlement negotiations and confidential settlement amounts); *Galluccio v. Pride Indus., Inc.*, No. 15-03423, 2020 WL 3496914, at *3 n.3 (D.N.J. June 29, 2020) (permitting sealing of settlement offer).

B. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury

that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

C. The information in ADP's submission satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the Confidential Information.

D. **THEREFORE,** it is on this <u>11th</u> day of <u>October</u>, 2023;

**ORDERED** as follows:

1. The select portions of the Transcript of the August 22, 2023 hearing before the Honorable Jessica S. Allen, U.S.M.J. (D.E. 83) identified in the Index submitted concurrently herewith contain confidential information;

2. The Court further finds that ADP would suffer substantial and specific harm, including but not limited to, potential financial damage through the divulgence of such confidential information, that the public interest weighs in favor of the information remaining confidential and being sealed, and that no less restrictive alternative exists.

3. Therefore, ADP's unopposed Motion pursuant to Local Civil Rule 5.3(c) to Seal the above referenced document is **GRANTED;** and

4. A redacted transcript consistent with the proposed redactions set forth in the Index submitted in connection with the Motion to Seal shall be filed on the docket by the court reporting agency.

s/ *Jessica S. Allen*
**HONORABLE JESSICA S. ALLEN**
**UNITED STATES MAGISTRATE JUDGE**