**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ADP, INC.,<br><br>            Plaintiff,<br><br>         v.<br><br>WISE PAYMENTS LIMITED and WISE US INC.,<br><br>            Defendants. | Civil Action No. 21-12457<br><br>**OPINION AND ORDER**<br><br>August 28, 2024 |
| WISE PAYMENTS LIMITED,<br><br>            Counterclaimant,<br><br>ADP, INC.,<br><br>            Counter-Defendant, | |

**SEMPER**, District Judge

    **THIS MATTER** having come before this Court on ADP, Inc.'s ("ADP" or "Plaintiff") Motion to Dismiss (ECF 114, "MTD") Count VI of Wise Payments Limited's ("Wise" or "Defendant") Counterclaim (ECF 102, "FACC" ¶¶ 99-107)[1], pursuant to Federal Rule of Civil Procedure 12(b)(6), and the Court having considered the submissions of the parties without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1; and

---

[1] Wise filed an opposition to ADP's motion. (ECF 116, "Opp.") ADP filed a reply to Wise's brief. (ECF 118, "Reply.") Additionally, parties consented to filing a First Amended Answer and Second Amended Counterclaims. (ECF 146.) The parties agreed that the amendment would have no affect on the instant motion to dismiss. (*See* ECF 146-1 at 3-4.) The Court accordingly proceeds to analyze the motion to dismiss as originally briefed.

**WHEREAS** ADP is a limited liability company providing financial services for human capital management and business payroll.[2] (ECF 11, FAC ¶ 18.) Wise is a global payment transfer company providing an array of financial services under its "TRANSFERWISE" and "WISECARD" trademarks. (FACC ¶¶ 13-15.) ADP uses two marks, "Wisely (with design)" and "WISELY" (collectively "Wisely Trademarks") in connection with its reloadable debit cards and a related mobile application. (FAC ¶ 20; FACC ¶ 28.)[3] On March 28, 2019, ADP filed a trademark application for "Wisely (with design)." (FACC ¶ 37.) Upon request by the U.S. Patent and Trademark Office ("USPTO"), ADP then filed a statement of use on December 5, 2019, resulting in the application being registered on February 11, 2020. (*Id.* ¶¶ 38-41.) Similarly, ADP filed a trademark application for "WISELY" on August 28, 2019, which matured into registration on February 11, 2020. (*Id.* ¶¶ 50-51); and

**WHEREAS** this dispute originates from Count VI of Defendant's counterclaims against Plaintiff.[4] In Count VI, Wise alleges that neither "Wisely (with design)" nor "WISELY" were used in commerce at the time the trademarks were filed. (*See id.* ¶¶ 99-104.) Wise asserts that the specimens submitted to the USPTO, "Wisely (with design)" and "WISELY," are different from the marks actually used in commerce by ADP, "Wisely (with design) by ADP," "MyWisely," or "Wisely Direct By ADP," rendering the trademarks void *ab initio* and requiring their cancellation under 15 U.S.C. § 1064. (*Id.* ¶¶ 44, 46-47, 54, 56-57, 101, 103, 106-07.) Alternatively, Wise argues

---

[2] These facts are drawn from ADP's Amended Complaint ("FAC") (ECF 11), and Wise's Answer and Amended Counterclaim ("FACC") (ECF 102.) This Court also relies on documents integral to or relied upon by the FAC and FACC. *See In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (allowing consideration of exhibits referenced but not explicitly cited in the complaint).

[3] "Wisely (with design)" is designated Application Serial No. 88/976,507 and Registration No. 5986500, while "WISELY" is designated Application Serial No. 88/595,819 and Registration No. 5984501 by the United States Patent and Trademark Office ("USPTO"). (FAC ¶ 20.)

[4] This factual and procedural summary includes only facts pertinent to the discrete motion and may omit certain information relevant to the ongoing dispute between parties.

that if the marks are not cancelled, their dates of first use should be amended to reflect the actual date of first use. (*Id.* ¶¶ 48, 58.) ADP moves to dismiss Count VI of Wise's counterclaims under Federal Rule of Civil Procedure 12(b)(6), arguing that at the specimens submitted to the USPTO actually show the independent use of the Wisely Trademarks in commerce, and are the same as the marks registered with the USPTO. (*See* Pl. Ex. 1-2; MTD); and

**WHEREAS** Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a claimant produce a "short and plain statement of the claim showing that the pleader is entitled to relief." Correspondingly, Rule 12(b)(6) allows the responding party to dismiss that claim if it "fail[s] to state a claim upon which relief can be granted."[5] For a claim or counterclaim to survive dismissal, it must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In conducting a 12(b)(6) analysis, a court must accept a counterclaim's well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d, 203, 210 (3d Cir. 2009). Moreover, a district court must draw all reasonable inferences from the well-pleaded facts in favor of the counterclaimant. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Yet a court is "not compelled to accept unwarranted inferences, unsupported conclusions[,] or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (citation omitted); and

---

[5] "Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for a motion to dismiss a complaint." *RBC Bank (USA) v. Petrozzini*, No. 12-155, 2012 U.S. Dist. LEXIS 75845, at *2 (D.N.J. May 31, 2012).

**WHEREAS** Wise argues that it has sufficiently pled that the Wisely Trademarks must be cancelled pursuant to 15 U.S.C. § 1064. The Court agrees. "The registration of a mark that does not meet the use [in commerce] requirement is void *ab initio*." *Aycock Eng'g, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1357 (Fed. Cir. 2009). "The term 'use in commerce' means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark." 15 U.S.C. § 1127. Use in commerce is satisfied if "a mark is (1) placed on the good or container, or on documents associated with the goods if the nature of the goods makes placement on the good or container impracticable, and (2) that good is then 'sold or transported in commerce.'" *Aycock Eng'g, Inc.*, 560 F.3d at 1357 (citing 15 U.S.C. § 1127). The deadline by which a mark must be in use depends on the filing basis of the application. For an application based on current use in commerce pursuant to Section 1(a) of the Lanham Act, a mark must be in use in connection with the listed goods and services "as of the application filing date[.]" 15 U.S.C. § 1051(a)(1); 37 C.F.R. § 2.34(a)(1)(i). For an application based on intent-to-use, pursuant to Section 1(b) of the Lanham Act, a mark must be in use in connection with the listed goods and services as of the deadline to file a statement of use; and

**WHEREAS** Wise states a claim that is sufficiently plausible under the applicable pleading standards. *See Iqbal*, 556 U.S. at 678. Wise plausibly alleges that the Wisely Trademarks did not meet the use in commerce requirement because ADP "did not engage in bona fide use" of the marks "at the time of filing the statement of use." (FACC ¶¶ 99, 104.) It alleges that a digital archive of the internet does not reflect use of the marks prior to the date of submission of the statement of use or of the expiration date for filing a statement of use. (*Id.* ¶¶ 102, 106.) Because ADP's arguments reflect a factual disagreement over whether ADP's specimens submitted in its application are the same as the marks currently used by ADP, the Court denies the motion to

dismiss at this time and declines to address factual inquiries at the motion to dismiss stage; therefore,

**IT IS, on this 28th day of August 2024,**

**ORDERED** that ADP's Motion to Dismiss Count VI of Wise's Counterclaims (ECF 114) is **DENIED**.

/s/  Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Parties
    Jessica S. Allen, U.S.M.J.